# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AKAPHONG SOMEE,

    *Petitioner*,

vs.

RAY HOBBS, *et al.*,

    *Respondents*.

2:13-cv-01190-JCM-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's motion (#3) for appointment of counsel and his motion (#2) for permission to submit excess pages, as well as for initial review. The filing fee has been paid.

The court finds that appointment of counsel is in the interests of justice taking into account that petitioner is incarcerated in Arkansas and thus may not have ready access to Nevada-related legal resources through the prison law library, the potential complexity of the procedural and substantive issues that may be presented, and the relatively limited ability to articulate claims demonstrated in the original petition.

The court will grant the motion to file excess pages to the extent that the court will direct the filing of the *pro se* petition as presented. The court does not address any deficiencies in the *pro se* original petition given that a counseled pleading will be filed.

IT THEREFORE IS ORDERED that the motion (#2) for permission to submit excess pages is GRANTED to the extent that the court directs the clerk to file the *pro se* petition as presented.

IT FURTHER IS ORDERED that the motion (#3) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the federal public defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the federal public defender is unable to represent petitioner, the court will appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The court anticipates setting the deadline, taking into account the circumstances herein, for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting claims.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the clerk shall add Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this court.

The clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the petition), the state attorney general, the federal public defender, and the CJA coordinator. The clerk further shall regenerate notices of electronic filing of all prior filings herein to both the state attorney general and federal public defender.

DATED: January 30, 2014.

_____
JAMES C. MAHAN
United States District Judge

-2-