UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AKAPHONG SOMEE,

　　　　　Petitioner,

　v.

RAY HOBBS, et al.,

　　　　　Respondents.

Case No. 2:13-cv-01190-JCM-PAL

ORDER

This counseled first-amended 28 U.S.C. § 2254 habeas petition by petitioner Akaphong Somee is before the court for adjudication on the merits (ECF No. 17).

I.　**Background & Procedural History**

Somee was initially charged by way of a criminal complaint with first-degree kidnapping with use of a deadly weapon, conspiracy to commit robbery, robbery with use of a deadly weapon, and burglary while in possession of a firearm, in connection with an incident in which he and his co-defendant handcuffed and duct taped a woman at gunpoint and then robbed her small store (exhibit 2; *see also* exhibit 14).[1]  On April 7, 2008, Somee pleaded guilty to count 1 – conspiracy to commit robbery and count 2 – robbery with use of a deadly weapon.  Exh. 12.  The state district court sentenced him to 24 to 60 months on count 1, and 72 to 180 months on count 2, with a consecutive 72 to 180 months for the deadly weapon enhancement, count 1 and 2 to run concurrently

---

[1] Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 17, and are found at ECF Nos. 18-19, 32.

1

with each other and with a sentence Somee was already serving in Arkansas. Exh. 14. Judgment of conviction was filed on May 28, 2008. Exh. 15.

Somee filed a counseled motion to reconsider the sentence on June 3, 2008, which the state district court denied. Exh. 16; exh. 1, p. 5. The Nevada Supreme Court affirmed the convictions on January 22, 2009, and remittitur issued on February 17, 2009. Exhs. 24, 25.

Somee filed a state postconviction petition, and counsel filed a supplemental brief. Exhs. 27, 33. The state district court conducted an evidentiary hearing on May 18, 2012, and the court denied the petition on September 11, 2012. Exh. 37. The Nevada Supreme Court affirmed the denial of the petition on May 14, 2013, and remittitur issued on June 11, 2013. Exhs. 44, 45.

Somee dispatched his federal habeas petition for mailing on June 30, 2013 (ECF No. 7). Because Somee is incarcerated in Arkansas, this court granted his motion for appointment of counsel (ECF No. 6). Somee filed a counseled, first-amended petition, respondents filed an answer, and Somee replied (ECF Nos. 17, 35, 37).

II. **Legal Standards**

a. **Antiterrorism and Effective Death Penalty Act (AEDPA)**

Title 28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). This Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

3

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id.* The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

**b.      Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams*, 529 U.S. at 390-91 (citing *Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that,

4

but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id*. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id*.

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance

5

of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

### c. Procedural Default

Title 28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law

6

ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### III. **Instant Petition**

**Ground 1A**

In ground 1A, Somee alleges that his counsel rendered ineffective assistance at sentencing because he failed to investigate, failed to present accurate information at the time of sentencing, and failed to object to an inaccurate presentence investigation report (PSI) (ECF No. 17, pp. 7-9). Somee contends that the parties agreed that Somee's sentence should be run concurrently with his Arkansas sentence, but that his counsel failed to research Somee's Arkansas sentence. Counsel informed the court that Somee would be eligible for parole in Arkansas in 2022. This was incorrect because Somee would have been eligible in 2015. He argues that the trial court, therefore, lacked the correct information when it sentenced Somee in this case. *Id*.

7

Respondents argue this ground lacks merit. The state court records reflect that during the sentencing hearing Somee's counsel misstated that Somee would first be eligible for parole in Arkansas in 2022. Exh. 14. Also at the hearing, the state district attorney correctly pointed out that Somee was subsequently convicted of second-degree murder in Arkansas, and he argued for the maximum penalties in this case. *Id*.

Within a few days of sentencing, defense counsel filed a motion for reconsideration in order to apprise the state district court that Somee would first be parole-eligible in Arkansas in 2015. Exh. 16. The state district court, presented with the corrected information, denied the motion for reconsideration of the sentence. Exh. 1, p. 5. The court noted that it was under no misconception at the time of sentencing. *Id*.

In its order affirming the denial of these claims in the state postconviction petition, the Nevada Supreme Court observed that the state district court conducted a hearing and found that

> (1) the sentencing court did not have the correct information during sentencing but did have the correct information on reconsideration; (2) due to the seriousness of Somee's offenses, his parole eligibility date for the Arkansas conviction did not factor into the sentencing court's decision; (3) counsel was not ineffective; and (4) Somee failed to demonstrate prejudice.

Exh. 44; *see also* exh. 1, p. 9. The state supreme court concluded that the state district court's factual findings were supported by the record and not clearly wrong, and that Somee did not demonstrate that the court erred as a matter of law. Exh. 44.

Somee has failed to demonstrate that the Nevada Supreme Court's decision on ground 1A was contrary to or an unreasonable application of *Strickland*. Accordingly, ground 1A is denied.

**Ground 1B**

Somee argues that his counsel was ineffective for failing to move to withdraw Somee's guilty plea, which Somee did not make knowingly, intelligently, and voluntarily (ECF No. 17, pp. 9-11). Specifically, he claims that counsel failed to investigate the

factual and legal basis for the deadly weapon charge and misled Somee into believing he would be sentenced to two terms of four to ten years. *Id.*

A guilty plea must be made knowingly, voluntarily and intelligently; such inquiry focuses on whether the defendant was aware of the direct consequences of his plea. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *see also Brady v. U.S.*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

Respondents point out that Somee raised this claim in his second state postconviction proceeding. Exh. 48. The Nevada Supreme Court dismissed the second state petition as untimely and successive. Exhs. 50, 52; NRS 34.726(1); 34.810(2). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case – NRS 34.726 and 34.810 – are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Supreme Court's determination that federal ground 1B was procedurally barred under NRS 34.726 and 34.810 were independent and adequate grounds to affirm the dismissal of those claims in the state petition.

Somee argues that the state procedural default should not bar his federal claim because he can show cause and prejudice to excuse the default. He asserts that the ineffective assistance of counsel in his first state post-conviction proceedings provides cause for his failure to raise the defaulted claim now presented as ground 1B. Somee relies on the "equitable rule" established in *Martinez v. Ryan*, 132 S. Ct 1309 (2012).

Under the holding of *Martinez*, failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to

9

overcome a procedural default in specific, narrowly defined circumstances. Although reaffirming the general holding of *Coleman*, "that an attorney's negligence in a postconviction proceedings does not establish cause," in all other circumstances, the United States Supreme Court determined that a narrowly carved exception—an equitable rule–must be established. *Martinez*, 132 S. Ct. at 1320 (quoting *Coleman*, 501 U.S. at 753) (emphasis added).

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. The Court specifically determined that this new rule does not "extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id. But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013).

To allow application of the *Martinez* rule, a reviewing court must determine (1) whether the petitioner's attorney in the first collateral proceeding, if counsel was appointed, was ineffective under *Strickland v. Washington*, 466 U.S. 668 687, 104 S.Ct. 2052 (1984), (2) whether the petitioner's claim of ineffective assistance of trial counsel is "substantial," and (3) whether there is prejudice. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), citing Martinez, 132 S. Ct. at 1321. Thus, according to the process outlined by the Ninth Circuit, in order to overcome the procedural bar to an ineffective assistance of trial counsel claim using *Martinez*, petitioner

> must show that trial counsel was ... ineffective, and that PCR [post conviction review] counsel's failure to raise trial counsel's ineffectiveness in the PCR proceeding fell below an objective standard of reasonableness. If trial counsel was not ineffective, then [the petitioner] would not be able to show that PCR counsel's failure to raise claims of ineffective assistance of trial counsel was such a serious error that PCR

10

counsel "was not functioning as the 'counsel' guaranteed" by the Sixth Amendment.

*Sexton*, 679 F.3d at 1159 (quoting *Strickland*, 466 U.S. at 687).  Where no counsel was appointed on postconviction review, cause is assumed and petitioner must demonstrate that his underlying ineffective assistance of trial counsel claim is substantial.  *Martinez*, 132 S. Ct. at 1318–19.

Here, the defaulted claim that plea counsel was ineffective for failing to move to withdraw the guilty plea is not substantial.  First, Somee argues that no basis existed for the deadly weapon charge because he used a toy gun.  He points to no evidence of this whatsoever except for his own statement in his affidavit in support of his first state postconviction petition.  *See* exh. 27.  In contrast, during his plea canvass, Somee pleaded guilty to using a firearm in the commission of the robbery, and a jury convicted Somee's co-defendant of robbery with use of a deadly weapon.  Exh. 13, p. 5; *see* exh. 37, p. 3.  Second, Somee asserts that plea counsel misled him into believing he would be sentenced to two consecutive terms of four to ten years for the robbery with a deadly weapon charge.  Again, Somee only offers his affidavit in support of this contention.  Exh. 27.  However, the plea canvass reflects that the State reserved the right to argue for the maximum sentences and that Somee indicated to the court that he understood that the penalty range for count 2 was two to fifteen years, with a consecutive term for the deadly weapon enhancement.  Exh. 13, p. 3.

Somee has failed to demonstrate that the equitable rule in *Martinez* should allow this court to adjudicate this defaulted ground.  Somee has not shown that the underlying ineffective assistance claim in ground 1B is substantial.  Ground 1B is procedurally barred from federal review.

**Grounds 2A and 2B**

In ground 2A, Somee argues that his appellate counsel was ineffective because he failed to argue that trial counsel was ineffective for failing to investigate, failing to present accurate information at the time of sentencing, and failing to object to an

inaccuracy of the PSI on direct appeal (ECF No. 17, pp. 11-12; ECF No. 37, p. 10).  As ground 2B, Somee asserts that his appellate counsel was ineffective because he failed to argue that trial counsel was ineffective for failing to move to withdraw Somee's guilty plea, which was not entered into knowingly, intelligently, and voluntarily (ECF No. 17, pp. 13-14; ECF No. 37, pp. 21-22).

The Nevada Supreme Court has repeatedly held that claims alleging ineffective assistance of counsel, trial or appellate, may not be raised on direct appeal.  *See Nika v. State*, 97 P.3d 1140, 1144–45 (Nev. 2004) (finding that the potential for a conflict of interest to arise if ineffective assistance of trial counsel were permitted on direct appeal makes such claims impractical); *Feazell v. State*, 906 P.2d 727, 729 (Nev. 1995) (claims of ineffective assistance of counsel must be raised at post-conviction).  The only exception to this rule is if there has been an evidentiary hearing conducted by the trial court on allegations of ineffective counsel.  *See Mazzan v. State*, 675 P.2d 409, 413 (Nev. 1984); *Feazell*, 906 P.2d at 729.

Somee has failed to demonstrate that his appellate counsel was ineffective for failing to attempt to raise ineffective assistance of counsel claims on direct appeal when the Nevada Supreme Court has long held that such claims may not be raised on appeal. Grounds 2A and 2B are meritless and are denied.

The petition, therefore, is denied in its entirety.

IV.     **Certificate of Appealability**

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).  Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to

12

claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id*.

Having reviewed its determinations and rulings in adjudicating Somee's petition, the court finds that reasonable jurists would not find its determination of any grounds to be debatable pursuant to S*lack*.  The court therefore declines to issue a certificate of appealability.

V. **Conclusion**

**IT IS THEREFORE ORDERED** that the petition (ECF No. 17) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close this case.

DATED:  March 14, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE